Alan G. Crone, TN Bar No. 014285
Laura Ann E. Bailey, TN Bar No. 027078
Bailey H. Dorsey, TN Bar No. 033664
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
901.737.7740 (voice)

J. Nelson Thomas
Mike Lingle
THOMAS & SOLOMON, LLP
693 East Avenue
Rochester, NY 14607
585.272.0540 (voice)

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

KENNETH COOLEY, JEREMY LEMASTER,

ROBERT NEEDHAM, and

JAMIE COLLINS, *on behalf of*

*themselves and all others similarly situated*

    **Plaintiffs,**

                                    **Civil Action, Case No.:** _____

v.                                    **JURY DEMANDED**

AIR METHODS CORPORATION,

*a Delaware Corporation*

    **Defendant.**

---

## VERIFIED COMPLAINT FOR VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

---

**COME NOW** the Plaintiffs, Mr. Kenneth Cooley, Mr. Jeremy Lemaster, Mr. Robert

Needham, and Ms. Jamie Collins (collectively referred to as "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, for his Complaint against Defendant, Air Methods Corporation state as follows:

## NATURE OF THE COMPLAINT

1. Plaintiffs bring this cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this action against Defendant, Air Methods Corporation for unpaid overtime compensation, related penalties and damages, and failure to pay him for all hours worked.

3. Plaintiffs are current employees of Defendant and they allege that Defendant failed and refused to pay the statutory required overtime premium for all hours worked over forty in a designated work week.

4. Defendant's practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs seek declaratory relief, straight time wages equaling at least minimum wage for all hours worked, overtime premiums for all hours worked over forty in any given work week required, suffered, or permitted by Defendant, overtime wages for all hours worked and not compensated, liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

5. Defendant's practice and policy is, and has been since at least December 2015 to willfully fail and refuse to pay Plaintiffs and similarly situated employees overtime rates for "sleep" time, and to willfully fail and refuse to pay an overtime premium due and owing to Plaintiffs for all hours worked over forty (40) in a work week in violation of the FLSA notwithstanding the fact that Plaintiffs and those similarly situated are non-exempt employees entitled to an overtime premium under the FLSA.

6. From approximately December 2015 to present, Plaintiffs, and those similarly situated Flight Nurses, Flight Paramedics, Senior Flight Nurses, Senior Flight Paramedics, Master Flight Nurses, Master Flight Paramedics, Regional Float Flight Nurses, Regional Float Flight Paramedics. Senior Regional Float Flight Nurses, and Senior Regional Float Flight Paramedics have worked approximately 5 or more overtime hours per week without receiving an overtime premium. Plaintiffs further allege that Defendant illegally used the sleep time exception to except hours worked from the calculation of total renumeration due to Plaintiffs and those similarly situated and total hours worked by Plaintiffs and those similarly situated for each workweek.

## PARTIES

7. Mr. Kenneth Cooley ("Mr. Cooley") is an adult resident of San Tan Valley, Pinal County, Arizona.

8. Mr. Jeremy Lemaster ("Mr. Lemaster") is an adult resident of Casper, Natrona County, Wyoming.

9. Mr. Robert Needham ("Mr. Needham") is an adult resident of Eufaula, McIntosh County, Oklahoma.

10. Ms. Jamie Collins ("Ms. Collins") is an adult resident of Collinsville, Washington County, Oklahoma.

11. Plaintiffs and those similarly situated to them are employees of Defendant for FLSA purposes.

12. Members of the collective action and/or prospective members are those current and former hourly rate situated Flight Nurses, Flight Paramedics, RN Flight Nurse, Regional Float Nurses, Flight Nurse Seniors, Staff Nurses, and Registered Nurses who were suffered or permitted to work by Defendant who are similarly situated to Plaintiffs and were not paid overtime wages for "sleep

time" hours, which Plaintiffs assert are hours worked, and whose "sleep time" hours did not count toward overtime hours.

13.     Defendant Air Methods Corporation is a Delaware corporation doing business in Arizona, and it may be reached for service through its registered agent, CT Corporation System at 3800 N Central Ave Suite 460, Phoenix Arizona 85012.

14.     At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

15.     This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

16.     Defendant is a legal entity and has sufficient minimum contacts with the State of Arizona such that it is subject to service of process in Arizona and do business in the state of Arizona. Therefore, this Court has personal jurisdiction over Defendant.

17.     Defendant does business in the District of Arizona.  Furthermore, a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Arizona.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the District of Arizona.

## REPRESENTATIVE ACTION ALLEGATIONS

18.     Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant for the last three years to present, from the commencement of this action, who have not been compensated for all hours worked, and/or who have not been compensated at one and one half times the regular rate of pay for all work performed in excess of forty hours per week.

19. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collection action members.

20. Plaintiffs, collective action members, and putative collective action members are similarly situated because they work as hourly employees for Defendant as situated Flight Nurses, Flight Paramedics, Senior Flight Nurses, Senior Flight Paramedics, Master Flight Nurses, Master Flight Paramedics, Regional Float Flight Nurses, Regional Float Flight Paramedics. Senior Regional Float Flight Nurses, and Senior Regional Float Flight Paramedics they had substantially similar job requirements and job duties as providers of emergency services, and were subject to Defendant' common practice, policy or plan of refusing to pay employees for all hours worked, failing to pay overtime wages for "sleep time" hours despite not meeting the requirements to claim the exemption, failing to include "sleep time" time in hours worked up to forty (40) in a workweek causing the failure to pay an overtime premium for any hours worked over forty (40) in a workweek.

## FACTUAL BACKGROUND

21. Defendant began employing Mr. Cooley in May 2012.

22. Defendant employs Mr. Cooley as a senior flight paramedic.

23. Mr. Cooley performs work for Defendant primarily in Florence, Arizona.

24. Mr. Cooley also works in bases in New Mexico.

25. Defendant began employing Mr. Lemaster as a flight paramedic in approximately May 2013.

26. Mr. Lemaster was employed as a Senior Flight Paramedic until July 31, 2018.

27. Mr. Lemaster was a Senior Float Paramedic.

5

28. As a Senior Float Paramedic, Mr. Lemaster worked at various bases located in Oklahoma, New Mexico, Wyoming, and Texas.

29. Defendant employed Mr. Needham from November 2011 until February 2017.

30. Defendant also employed Mr. Needham from July 2017 to present.

31. Mr. Needham is a Flight Paramedic.

32. Mr. Needham works at various bases located in Oklahoma.

33. Defendant began employing Ms. Collins in approximately May 3, 2010.

34. Ms. Collins was hired as a Senior Flight Nurse.

35. Ms. Collins was employed as a Clinical Base Supervisor from approximately October 7, 2013 to July 30, 2017.

36. Since July 30, 2017, Ms. Collins has been employed as a Senior Flight Nurse.

37. Ms. Collins is a Float Nurse.

38. As a Float Nurse, Ms. Collins works at various bases in Oklahoma, New Mexico, and Texas.

39. Plaintiffs and similarly situated employees are typically scheduled for twenty-four-hour shifts.

40. Defendant generally scheduled Plaintiffs and similarly situated employees to work at least two or more 24-hour shift for Defendant within a workweek.

41. For an eight-hour period each night Defendant places Plaintiffs and similarly situated employees on sleep time.

42. During this "sleep time," Plaintiffs and similarly situated employees are not accruing hours towards earning forty hours in the workweek for overtime purposes.

43. Plaintiffs do not accrue hours despite the fact that they perform work during this time period.

44. Plaintiffs and similarly situated employees' job duties, responsibilities, and obligations during sleep time do not vary from the job duties, responsibilities and obligations that they perform during non-sleep time designated hours.

45. Defendant fail and refuse to include sleep time hours towards forty (40) hours worked in a given work week.

46. As a result, Defendant refused to pay Plaintiffs and similarly situated employees one and one-half times their regular rate, i.e. an overtime premium, for all hours worked over forty (40) in any given work week.

47. Plaintiffs and similarly situated employees are non-exempt employees.

48. Defendant does not count Plaintiffs and similarly situated employees' sleep time towards reaching forty hours per week during any given work week.

49. Defendant refers to these hours, described in Paragraph 48 above, as non-accruable hours.

50. Since non-accruable hours are not counted towards working forty hours in a workweek, Plaintiffs and similarly situated employees are not paid an overtime premium for some accruable hours worked over forty in any given workweek.

51. In addition, after Plaintiffs and similarly situated employees work forty accruable hours per week during any given work week, Defendant does not pay Plaintiffs and similarly situated employees an overtime premium for hours worked over forty that Defendant considers sleep time hours.

52. Defendant does not meet the requirements to take the sleep time exception. 29 C.F.R. § 785.22.

53. Defendant failed to provide Plaintiffs with adequate sleeping facilities.

54. Defendant failed to provide a sufficient number of beds for all employees on a shift.

55. Defendant failed to provide linens for each bed.

56. Defendant failed to provide reasonable standards of comfort.

57. Defendant failed to provide bathrooms with working bathing facilities at all bases.

58. Defendant failed to provide basic kitchen facilities at all bases.

59. Defendant failed to provide basic laundry facilities at all bases.

60. Defendant failed to provide quiet sleeping quarters.

61. The failure to provide quiet sleeping quarters interfered with Plaintiff's ability to enjoy an uninterrupted night's sleep.

62. Plaintiffs were not usually able to enjoy an uninterrupted night's sleep.

63. Plaintiffs were not usually able to enjoy at least five hours of sleep per night.

64. Defendant knew or should have known Plaintiffs' sleeping facilities were inadequate.

65. Plaintiffs did not clock out during sleep time.

66. Plaintiffs claimed sleep time hours as hours worked when they did not clock out during sleep time.

67. Therefore, Defendant knew Plaintiffs were being suffered or permitted to work during what Defendant called non-accruable sleep time.

68. Since Defendant did not meet the requirements to take the sleep time exception, Defendant knew or should have known that Plaintiffs were being suffered or permitted to work during these "sleep time" hours.

69. Defendant tells Plaintiffs and similarly situated employees which work assignments to complete, when the assignments must be completed, and how work should be performed.

70. Defendant has the power to hire and fire Plaintiffs and similarly situated employees.

71. Defendant controls the number of hours Plaintiffs and similarly situated employees work, the rate of pay, and the method of payment.

72. Defendant fails to compensate Plaintiffs and similarly situated employees for all time worked for Defendant.

73. Plaintiffs were required to perform other duties during non-accruable "sleep time."

74. For instance, Plaintiffs had to perform base chores during non-accruable "sleep time."

75. Plaintiffs had to perform mandatory online training during non-accruable "sleep time."

76. Plaintiffs who were tasked with ordering supplies for their respective bases often had to order supplies during "sleep time."

77. Defendant only afforded two hours to Plaintiffs to complete charting after a call to duty.

78. Plaintiffs had to finish charting during non-accruable "sleep time."

79. Further, Plaintiffs often had to complete computer based education during sleep time or at home.

80. As a result, Plaintiffs and all others similarly situated were not paid an overtime premium for all hours worked over forty in a given workweek.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS

81. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 80 as they were set forth fully herein.

82. Upon information and belief, at all relevant times, Defendant have been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

83. Upon information and belief, at all relevant times, Defendant employed and continues to employ "employee[s]."

84. Upon information and belief, at all relevant times, Defendant had/have gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

85. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

86. Plaintiffs and similarly situated employees are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA, including time worked during the "sleep time" periods.

87. Defendant failed to provide Plaintiffs with adequate sleeping facilities.

88. Defendant failed to provide a sufficient number of beds for all employees on a shift.

89. Defendant failed to provide linens for each bed.

90. Defendant failed to provide reasonable standards of comfort.

91. Defendant failed to provide bathrooms with working bathing facilities at all bases.

92. Defendant failed to provide basic kitchen facilities at all bases.

93. Defendant failed to provide basic laundry facilities at all bases.

94. Defendant failed to provide quiet sleeping quarters.

95. The failure to provide quiet sleeping quarters interfered with Plaintiff's ability to enjoy an uninterrupted night's sleep.

96. Plaintiffs were not usually able to enjoy an uninterrupted night's sleep.

97. Plaintiffs were not usually able to enjoy at least five hours of sleep per night.

98. Therefore, Defendant do not meet the sleep time exception to the FLSA's overtime provisions. 29 C.F.R. 785.22(a).

99. Defendant knew or should have known Plaintiffs' sleeping facilities were inadequate.

100. Plaintiffs did not clock out during sleep time.

101. Plaintiffs claimed the sleep time hours as hours worked.

102. Defendant automatically deducted sleep time hours from accruable hours, i.e. hours worked.

103. Defendant knew Plaintiffs were being suffered or permitted to work during non-accruable "sleep time."

104. As a result of Defendant's failure to compensate Plaintiffs and similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1).

105. Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week was not a good faith violation of the FLSA under 29 U.S.C. § 260.

106. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### COUNT II
### OFF-THE-CLOCK WORK IN VIOLATION OF THE FLSA

107. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 106 as they were set forth fully herein.

108. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

109. Upon information and belief, at all relevant times, Defendant employed and continues to employ "employee[s]."

110. Upon information and belief, at all relevant times, Defendant had/has gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

111. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

112. Plaintiffs and similarly situated employees are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA, including time worked during the "sleep time" periods.

113. Plaintiffs were suffered or permitted to work during "sleep time" hours.

114. Plaintiffs were required to perform ordinary job duties during non-accruable "sleep time."

115. For instance, Plaintiffs had to perform base chores during non-accruable "sleep time."

116. Plaintiffs had to perform mandatory online training during non-accruable "sleep time."

117. Plaintiffs had to order supplies during "sleep time."

118. Defendant only afforded two hours to Plaintiffs to complete charting after a call to duty.

119. Plaintiffs had to finish charting during non-accruable "sleep time."

120. Defendant knew or should have known Plaintiffs were suffered or permitted to work during "sleep time."

121. Hours spent performing various duties, as listed above, were not included in Plaintiffs' accruable hours.

122. Defendant automatically deducted "sleep time" hours from hours worked.

123. Therefore, Plaintiffs were not paid for all hours worked.

124. Defendant failed to provide Plaintiffs with a mechanism to report off-the-clock hours.

125. As a result of Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant violated the FLSA, including 29 U.S.C. § 207(a)(1).

126. Defendant's failure to compensate Plaintiffs and similarly situated employees for all hours worked and to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week was not a good faith violation of the FLSA under 29 U.S.C. § 260.

127. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and employees similarly situated to them pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-Judgment and Post-Judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, and penalties in an exact amount to be determined at trial;

4. Award Plaintiffs and those similarly situated costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiffs Kenneth Cooley, Jeremy Lemaster, Jamie Collins, and Jason Needham as Representative Plaintiffs of the putative members of the FLSA representative action;

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and those similarly situated to them hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: xxxx                                          Respectfully Submitted,

                                                     _____
                                                     Alan G. Crone, TN Bar No. 014285
                                                     Laura Ann E. Bailey, TN Bar No. 027078
                                                     Bailey H. Dorsey, TN Bar No. 033664
                                                     THE CRONE LAW FIRM, PLC
                                                     88 Union Avenue, 14th Floor
                                                     Memphis, TN 38103
                                                     901.737.7740 (voice)
                                                     901.474.7926 (fax)
                                                     lbailey@cronelawfirmplc.com
                                                     acrone@cronelawfirmplc.com

bdorsey@cronelawfirmplc.com

and

J. Nelson Thomas
Mike Lingle
THOMAS & SOLOMON, LLP
693 East Avenue
Rochester, NY 14607
585.272.0540 (voice)
585.272.0574 (fax)
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

*Attorneys for Plaintiff*

**Applications Pro Hac Vice Submitted contemporaneously herewith.**