**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Cooley, et al., | No. CV-19-00850-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Air Methods Corporation, | |
| Defendant. | |

Before the Court is Air Methods Corporation's ("AMC") motion for partial summary judgment, which is fully briefed. (Docs. 137, 146, 151.)  AMC's motion is denied.[1]

**I. Background**

AMC is an air ambulance company that provides emergency air medical transport by helicopter to patients with life-threatening injuries and illnesses. (Doc. 137-1 at 5.) Plaintiffs are hourly employees of AMC that serve as flight paramedics and nurses. (Doc. 82 at 6-7; Doc. 146 at 6.)  Prior to beginning their employment with AMC, Plaintiffs received conditional offers of employment indicating that they would be Fair Labor Standards Act ("FLSA") non-exempt employees. (Doc. 146-2 at 3; Doc. 146-3 at 4; Doc 146-4 at 6.) Some plaintiffs also received subsequent offer letters indicating that they

---

[1] AMC's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

would be non-exempt employees subject to the overtime provisions of the FLSA. (Doc. 146-2 at 7; Doc. 146-4 at 5, 7.)   Relevant here, although AMC compensated Plaintiffs for some of their overtime, it did not compensate Plaintiffs for all the overtime to which they would been entitled under the FLSA.  On February 8, 2019, Plaintiffs filed a putative collective action lawsuit against AMC. (Doc. 1.)  Plaintiffs' operative complaint brings three claims—counts one and two seek relief directly under the FLSA and count 3 raises a claim for estoppel. (Doc. 82.)  On March 6, 2020, AMC filed a partial motion for summary judgment. (Doc. 137.)  The motion seeks summary judgment on count two insofar as overtime wages are concerned and on counts one and three in their entirety. (*Id.*)  AMC's motion is now ripe.

**II. Legal Standard**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324.  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

**III. Analysis**

AMC asserts that it is entitled to summary judgment on count 1 and on count 2, in part, because, as employees of a common carrier by air, Plaintiffs are exempt from the FLSA's overtime provisions. (Doc. 137 at 2.) AMC is correct that 29 U.S.C. § 213(b)(3) exempts from FLSA overtime requirements any employee of a common carrier by air subject to the provisions of the Railway Labor Act ("RLA"). Therefore, the Court must determine whether AMC qualifies as a common carrier by air.

Neither the FLSA nor the RLA define the term. Instead, the Ninth Circuit looks to common law when assessing common air carrier status. *Las Vegas Hacienda, Inc. v. Civil Aeronatics Bd.*, 298 F. 2d 430, 434 (9th Cir. 1962). Specifically, "the dominant factor in fixing common carrier status at common law is the presence of a 'holding out' to transport the property or person of any member of the public who might choose to employ the proffered service." *Id.* (quoting *Washington v. Kuykendall*, 275 U.S 207 (1927)). "So long as the air carrier is competing commercially in the market for the patronage of the general public . . . it is immaterial that the service offered will be attractive only to a limited group, or that it may be performed pursuant to special contract." *Id.*

It is undisputed that AMC's sole business purpose is to provide air ambulance services, without regard to a patient's insured status, ability to pay, or demographic attributes, pursuant to agreements with government agencies and hospitals that have retained AMC's services. However, Plaintiffs contend that AMC does not hold out transport to any member of the public as required to be considered a common carrier. Specifically, Plaintiffs note that AMC markets directly to medical service providers, rather than the members of the general public that AMC will transport. (Doc. 146 at 20.) In other words, Plaintiffs explain that AMC does not transport those who choose its services, but instead transports patients referred to it by client care providers—without the patient's knowledge or consent—who satisfy the company's detailed internal policies as well as

state and federal regulations. (*Id.*)

"[I]t is immaterial that [an air ambulance company] markets its services to hospitals and other emergency service providers rather than responding to calls directly from the public." *Riegelsberger v. Air Evac EMS, Inc.*, 369 F. Supp. 3d 901, 907 (E.D. Mo. 2019) (citing *Air Evac EMS, Inc. v, Cheatham*, 910 F.3d 751, 764 (4th Cir. 2018)). "Neither is it relevant that [an air ambulance company] services only those patients with a medical need and that it imposes certain policies and terms on its services." *Id.* Instead, what matters is that AMC offers its services indiscriminately to anyone willing to accept its terms. It is undisputed that AMC does so. Consequently, AMC is a common carrier by air.[2] Because Plaintiffs do not dispute that their job duties bear more than a tenuous, negligible, and remote relationship to their employer's transportation activities, Plaintiffs are employees of a common carrier by air subject to the provisions of the RLA and therefore exempt from the FLSA's overtime requirements.

However, the Court's analysis does not end here. The doctrine of equitable estoppel has "the effect of absolutely precluding a party, both at law and equity from asserting rights which . . . otherwise existed." *U.S. v. Georgie-Pacific Co.*, 421 F.2d 92, 96 (9th Cir. 1970) (citation and internal quotations omitted). Here, Plaintiffs assert that, even if the common carrier by air exemption applies to them, equitable estoppel prevents AMC from arguing the exemption in its defense because the exemption is directly contradictory to the representations AMC made to Plaintiffs. To make a prima facie case of equitable estoppel, a plaintiff must show: "(1) the party to be estopped must know the facts; (2) [it] must intend that [its] conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) [the latter] must rely on the former's conduct to his injury." *Id.* Plaintiffs have created a genuine issue of fact on all four of the elements.

---

[2] In support, every federal court that has previously assessed the status of air ambulances similar to AMC has concluded that they constitute common air carriers. *Riegelsberger v. Air Evac EMS, Inc.*, 369 F. Supp. 3d 901, 906 (E.D. Mo. 2019) (collecting cases). Although the Ninth Circuit has not squarely addressed the issue, the Court is persuaded by the other courts' rationales.

First, Plaintiffs have produced evidence that AMC made representations to them that a reasonable person could interpret as conveying that Plaintiffs were non-exempt employees under the FLSA and would be compensated accordingly, even though AMC had "actual or constructive knowledge" that its employees were FLSA exempt and it would not be compensating them in compliance with the FLSA. *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1067 (9th Cir. 2006). AMC is a sophisticated employer, and the common carrier by air exemption under 29 U.S.C. § 213(b)(3) has existed for decades. In addition, rather than arguing that it, in good faith, thought its employees were FLSA non-exempt at the time the representations were made and later learned of its error, AMC argues that the literal phrase "FLSA non-exempt" in its materials never meant "FLSA non-exempt," even though the AMC employment agreement also explicitly states, "Employee and AMC wish to comply with the Fair Labor Standards Act of 1938." (Doc. 146-1 at 7.) AMC does not contend it was ignorant of relevant facts at the time the representation was made, and has gone to great lengths to avoid addressing the issue.[3] A reasonable juror could conclude that AMC knew or should have known that Plaintiffs were FLSA exempt prior to the representations it made.

Second, a reasonable juror also could conclude that AMC included "FLSA non-exempt" representations in its offer letters and employment agreements to induce Plaintiffs to work for it. Prospective employees generally rely on communications such as offer letters to evaluate job opportunities, compare those opportunities with others, and inform themselves about their employment rights. A prospective employee will likely "act upon" representations made in such communications by selecting employment that provides the best opportunities, as presented in those communications.

Third, by asserting that they did not know that their positions were FLSA exempt, Plaintiffs have created a genuine issue of material fact on the ignorance of the truth element. Fourth, Plaintiffs have presented evidence suggesting that they relied on AMC's representations of FLSA status to their detriment. Plaintiffs have testified in affidavits that

---

[3] Claire Capacci, AMC's representative, attempted astounding logical gymnastics during her deposition when presented with the issue. (Doc. 146-6.)

they accepted employment with AMC, and continued to work for it, based on their understanding of entitlement to overtime pay under the FLSA, which stemmed from AMC's representations.  (Doc. 146-1 at 1-2; Doc. 146-2 at 1-2; Doc. 146-3 at 1-2; Doc. 146-4 at 1-2.)  Plaintiffs note that, as a result, they suffered injury when they received less compensation.  (*Id.*)

In sum, although AMC's employees are in fact FLSA exempt, AMC cannot prevail at summary judgment because Plaintiffs have made a prima facie case of equitable estoppel which, if successful, could preclude AMC availing itself of the FLSA's exemptions.

**IT IS ORDERED** that AMC's motion for partial summary judgment (Doc. 137) is **DENIED**.

Dated this 1st day of May, 2020.

Douglas L. Rayes
United States District Judge